**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JASON McCORD PATTEN, | No. 14-15542 |
| Plaintiff - Appellant, | D.C. No. 5:11-cv-02057-LHK |
| v. | |
| CHARLES FRANK STONE, D.D.S.; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Lucy H. Koh, District Judge, Presiding

Submitted November 18, 2015[**]

Before:    TASHIMA, OWENS, and FRIEDLAND, Circuit Judges.

Former California state prisoner Jason McCord Patten appeals pro se from

the district court's summary judgment in his 42 U.S.C. § 1983 action alleging

deliberate indifference to his serious dental needs.  We have jurisdiction under 28

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

U.S.C. § 1291.  We review de novo, *Guatay Christian Fellowship v. County of San Diego*, 670 F.3d 957, 970 (9th Cir. 2011), and we affirm.

The district court properly granted summary judgment to defendants Stone and Kiani because Patten failed to raise a genuine dispute of material fact as to whether they were deliberately indifferent to his serious dental needs and pain.  *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (deliberate indifference requires that a prison "official knows of and disregards an excessive risk to inmate health"); *see also Peralta v. Dillard*, 744 F.3d 1076, 1087 (9th Cir. 2014) (en banc) (a defendant's failure to follow procedures alone is insufficient to establish a constitutional violation; an inmate must show the failure to follow the procedures placed the inmate at risk, and the defendant knew his actions put the inmate at risk); *Toguchi v. Chung*, 391 F.3d 1051, 1058-60 (9th Cir. 2004) (medical malpractice, negligence, or a difference of opinion regarding the course of treatment is not sufficient).

The district court properly granted summary judgment to defendant Upshaw because Patten failed to raise a genuine dispute of material fact as to whether Upshaw's alleged misconduct proximately caused any harm to Patten.  *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (the causation analysis under § 1983 is "individualized and focus[es] on the duties and responsibilities of each individual

defendant whose acts or omissions are alleged to have caused a constitutional deprivation").

The district court properly granted summary judgment to defendants Walker and Kushner because Patten failed to raise a genuine dispute of material fact as to whether they were personally involved in any constitutional violation or whether their conduct caused any such violation. *See Starr v. Baca*, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (requirements for establishing supervisory liability); *see also Peralta*, 744 F.3d at 1086-88 (concluding that prison officials who responded to inmate grievances were not deliberately indifferent).

The district court properly dismissed under 28 U.S.C. § 1915A Patten's claim alleging that defendants violated the stipulation in the class action, *Perez v. Tilton*, No. C-05-5241 JSW (N.D. Cal.). *See Hamilton v. Brown*, 630 F.3d 889, 892 (9th Cir. 2011) (de novo standard of review); *see also Frost v. Symington*, 197 F.3d 348, 358-59 (9th Cir. 1999) (where a litigant seeks enforcement of a consent decree, he should proceed through class counsel in the action where the consent decree was entered).

The district court did not abuse its discretion in denying Patten's third motion to compel because Patten did not demonstrate that he suffered "actual and substantial prejudice." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002)

(setting forth standard of review).

The district court did not abuse its discretion in denying Patten's request for increased access to the law library at Avenal State Prison because the staff at Avenal State Prison were not parties to this action. *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 110-12 (1969) (setting forth standard of review and discussing circumstances under which a court lacks jurisdiction to adjudicate claims or obligations against non-parties). Moreover, Patten failed to demonstrate that he suffered any injury as a result of his alleged lack of access. *See Silva v. Di Vittorio*, 658 F.3d 1090, 1102-04 (9th Cir. 2011) (requiring factual allegations showing actual injury in order to state a First Amendment access-to-courts claim).

We reject Patten's contention that the district court should have granted him leave to amend his state law claims.

Patten's request to amend his action to add state law claims, set forth in his opening brief, is denied.

**AFFIRMED.**